NO. 07-02-0263-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 27, 2002



______________________________




PATRICK INTHISAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 43,612-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ., and BOYD, S.J. (1)

 On June 21, 2002, a copy of a Notice of Appeal in cause No. 43,612-C in the 251st 
District Court of Potter County, Texas (the trial court), was filed with the clerk of this court
(the appellate clerk). The document filed gives notice that Patrick Inthisan desires to
appeal from a conviction and sentence in such court and cause number. 

 On September 26, 2002, a request for extension of time for filing the clerk's record
was filed with the appellate clerk. By such request, the District Clerk of Potter County (the
trial court clerk) advised that the clerk's record had not been paid for. An extension of time
was granted for filing the clerk's record until October 3, 2002. The clerk's record has not
been filed. The appellate clerk's record reflects no other action by any party to the appeal
to prosecute the appeal. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then
whether appellant is indigent; (3) if appellant desires to prosecute this appeal, whether
appellant is entitled to have the clerk's record furnished without charge; and (4) what
orders, if any, should be entered to assure the filing of appropriate notices and
documentation to dismiss appellant's appeal if appellant does not desire to prosecute this
appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk's record
will be promptly filed and that the appeal will be diligently pursued. If the trial court
determines that the present attorney for appellant should be replaced, the court should
cause the clerk of this court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a clerk's record on remand; (3) enter any orders appropriate to the
circumstances; (4) cause the hearing proceedings to be transcribed and included in a
reporter's record; and (5) have a record of the proceedings made to the extent any of the
proceedings are not included in the supplemental clerk's record or the reporter's record. 
In the absence of a request for extension of time from the trial court, the clerk's record on
remand, reporter's record of the hearing and proceedings pursuant to this order, and any
additional proceeding records, including any orders, findings, conclusions and
recommendations, are to be sent so as to be received by the clerk of this court not later
than December 31, 2002. 

 

 Per Curiam

Do not publish.



1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.


ing the aforementioned standard to the question of whether appellant failed
to preserve error viz the decision to exclude evidence, we note that the trial court did not
rule that the evidence would be excluded. It simply granted the State's motion in limine,
and in that motion, the State merely sought an order requiring the parties to approach the
bench before evidence of mental illness was proffered. The trial court's decision fell far
short of one holding that the evidence was inadmissible. So, because the evidence had
not been ruled inadmissible, trial counsel cannot be held ineffective for failing to preserve
complaint about something that never happened.

 As to the matter of voir dire, we are again informed of no specific questions that 
appellant sought to ask the jury. This is fatal given the nature of the complaint. While
certain topics may be fair game in voir dire, the manner in which they are broached may
nonetheless be objectionable. See e.g., Barajas v. State, 93 S.W.3d 36, 38-39 (Tex. Crim.
App. 2002) (noting that while the potential for bias is a legitimate subject for voir dire, a
litigant cannot inquire into that potentiality through questions seeking commitments for the
venire members). So, without a hint from appellant about what specific questions, if any,
an effective attorney could and should have asked, we cannot analyze whether trial counsel
actually erred. So, we overrule this issue as well.

 Having overruled each issue, we affirm the judgments of the trial court.


 Brian Quinn 

 Chief Justice


Do not publish.